1  Rachel M. Dollar, SBN 199977
   Richard R. Sutherland, SBN 240858
2  SMITH DOLLAR PC
   Attorneys at Law
3  404 Mendocino Avenue, Second Floor
   Santa Rosa, California 95401
4  Telephone:  (707) 522-1100
   Facsimile:  (707) 522-1101
5
   Attorneys for Defendant ONEWEST BANK N.A erroneously sued as ONEWEST BANK
6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 DEBRA DUPUIS,                          | CASE NO.:

11        Plaintiff,                      | **NOTICE OF REMOVAL OF CIVIL
      v.                                  | ACTION PURSUANT TO 28 U.S.C. §1441(a)**
12                                        | **AND 28 U.S.C. §1331**
   EXPERIAN INFORMATION SOLUTIONS,        |
13 INC.; EQUIFAX, INC.; TRANSUNION, LLC;  | [FEDERAL QUESTION JURISDICTION]
   ONEWEST BANK; ASSET ACCEPTANCE,        |
14 LLC; BMW BANK OF NORTH AMERICA;        |
   BMW FINANCIAL SERVICES NA, LLC;        | Complaint Filed:  May 18, 2015
15 DISCOVER BANK; HSBC HOLDINGS PLC;      | Trial Date:
   THE TORONTO-DOMINION BANK;             |
16 CAVALRY PORTFOLIO SERVICES, LLC        |
   AN DOES 1 THROUGH 100 INCLUSIVE,       |
17                                        |
18        Defendants.                     |

19

20        TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

21 NORTHERN DISTRICT OF CALIFORNIA:

22        PLEASE TAKE NOTICE that Defendant ONEWEST BANK N.A. erroneously sued as

23 ONEWEST BANK ("OneWest"), hereby removes action described below from the Superior Court

24 of the State of California for the County of Santa Clara to the United States Court for the Northern

25 District of California.

26 1.        Plaintiff Debra Dupuis ("Plaintiff") filed an action in the Superior Court of

27 California, County of Santa Clara, on or about May 18, 2015, entitled *Dupuis v. Experian*

28 *Information Solutions, Inc., et al.*, Case No 115CV280815 (the "State Court Action").  A true and

- 1 -



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

correct copy of the Summons, Complaint and pleadings filed and received by OneWest are attached hereto collectively as **Exhibit "A."**

2.      OneWest was served with a copy of the Summons and Complaint in the State Court Action on or about June 8, 2015.  To OneWest's knowledge, no other Defendant has appeared or taken part in any proceedings in the State Court Action.

3.      The complaint asserts three causes of action against OneWest which relate to credit bureau reporting.

4.      OneWest removes this Action within 30 days of service, and within one year from the filing of the complaint, thus the removal is timely, pursuant to 28 U.S.C. § 1446(b).

5.      This action could have been originally filed in this Court and is removable to the instant Court pursuant to 28 U.S.C. § 1441(b) because federal questions are alleged in the Complaint and thus jurisdiction exists as conferred by 28 U.S.C. § 1331 and 28 U.S.C. §1334(b). Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

6.      Plaintiff's Complaint is based upon and alleges violation of independent federal acts including the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*)  Plaintiff's right to relief, if any, under the federal statues depends upon the resolution of substantial questions of federal law and confers original federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's other claims, which arise out of the same "case and controversy" pursuant to 28 U.S.C. § 1367(a).  Accordingly, the Action may be removed to this Court by OneWest pursuant to 28 U.S.C. § 1441, regardless of any diversity of citizenship or amount in controversy.

8.      Venue is proper in the United States District Court for the Northern District of California, San Jose, because the original Complaint was filed in the Santa Clara County Superior Court.  Thus, this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.      A copy of this Notice of Removal is being served on all adverse parties and filed with the clerk of the state court pursuant to 28 U.S.C. §1446(d).  A copy of the notice to all adverse

NOTICE OF REMOVAL

parties and the state court is attached (without exhibits) as **Exhibit "B"**.

10.    No previous application has been made for the relief requested herein.

WHEREFORE, Defendant ONEWEST BANK N.A. erroneously sued as ONEWEST

BANK,  hereby removes this action from the Superior Court of California for the County of Santa

Clara to this Court pursuant to 28 U.S.C. § 1441.

Dated: July 6, 2015

SMITH DOLLAR PC


                                         /s/ Rachel M. Dollar
By_____
        Rachel M. Dollar
        Attorney for OneWest Bank N.A. erroneously sued
        as OneWest Bank

Exhibit A

*Personnel*
**RECEIVED**
JUN 0 8 2015  12:00 pm
**LEGAL DEPT**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**ENDORSED**
2015 MAY 18  P 2:42

Santa Clara Clerk of the Superior Court
**T. NGO**
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Experian Information Solutions, Inc.; Equifax, Inc.; TransUnion, LLC;
OneWest Bank; Additional Parties on Attached Form

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Debra Dupuis

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Clara County Superior Court 191 North First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* **1 5 C V 2 8 0 8 1 5** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot W. Gale, Esq. (SBN 263326); Sagaria Law, P.C.; 408-279-2288

| DATE: May 18th, 2015 *(Fecha)* | DAVID H. YAMASAKI Chief Executive Officer/Clerk Clerk, by *(Secretario)* __T. NGO__ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  One West Bank

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* 416.10

4. ☒ by personal delivery on *(date):*  6-8-15

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Debra Dupuis v OneWest Bank, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Asset Acceptance, LLC; BMW Bank of North America; BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; The Toronto-Dominion Bank; Cavalry Portfolio Services, LLC

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Scott J. Sagaria (SBN 217981), Elliot W. Gale (SBN 263326),<br>Joe B. Angelo (SBN 268542), Scott M. Johnson (SBN 287182)<br>Sagaria Law, P.C.<br>2033 Gateway Place, 6th Floor, San Jose, CA 95110<br>TELEPHONE NO.: 408-279-2288   FAX NO.: 408-279-2299<br>ATTORNEY FOR (Name): Debra Dupuis | FOR COURT USE ONLY<br><br>ENDORSED<br><br>2015 MAY 18 ⊃ 2: 42<br><br>Chief Executive Officer of the Superior Court<br>County of Santa Clara, California<br>BY T. NGO |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court- Civil Limited

CASE NAME:
Debra Dupuis v OneWest Bank, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>1 1 5 C V 2 8 0 8 1 5 |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☑ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 18th, 2015

Elliot W. Gale, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL LAWSUIT NOTICE**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

ATTACHMENT CV-5012

CASE NUMBER: **115CV280815**

> ### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: Patricia Lucas                    Department: ___2___

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: ___SEP 1 5 2015___  Time: 3:00pm  in Department: 2

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____  Time: _____  in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08                 CIVIL LAWSUIT NOTICE                 Page 1 of 1

## SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review.
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

ENDORSED

2015 MAY 18  P 2: 42

Chief Executive Clerk of the Superior Court
County of Santa Clara, California

T. NGO

1   SCOTT J. SAGARIA (BAR # 217981)
    ELLIOT W. GALE (BAR #263326)
2   JOSPEH B. ANGELO (BAR #268542)
    SCOTT M. JOHNSON (BAR #287182)
3   SAGARIA LAW, P.C.
    2033 Gateway Place, 5th Floor
4   San Jose, CA 95110
    408-279-2288 ph
5   408-279-2299 fax

6   Attorneys for Plaintiff

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SANTA CLARA

10                  LIMITED JURISDICTION > $25,000.00

11

12

13                                     CASE NO.    115CV280815

14

15                                     COMPLAINT FOR DAMAGES:

16  DEBRA DUPUIS                          1.  Violation of Fair Credit Reporting Act;
                                          2.  Violation of California Consumer Credit
17                Plaintiff,                  Reporting Agencies Act;
                                          3.  Violation of California Unfair Business
18       v.                                  Practices Act
                                          4.  Demand Exceeds $10,000.00
19  Experian Information Solutions, Inc.;
20  Equifax, Inc.; TransUnion, LLC; OneWest
    Bank; Asset Acceptance, LLC; BMW Bank
21  of North America; BMW Financial
    Services NA, LLC; Discover Bank; HSBC
22  Holdings plc; The Toronto-Dominion
    Bank; Cavalry Portfolio Services, LLC  and
23  DOES 1 through 100 inclusive,

24                Defendants.

25

26

27

28

1   COMES NOW Plaintiff DEBRA DUPUIS, an individual, based on information and belief, to
2   allege as follows:

3

4

5

6                                **INTRODUCTION**
7   1.  This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California
8       Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and
9       California Business and Professions Code § 17200. Plaintiff seeks redress for the
10      unlawful and deceptive practices committed by the Defendants in connection with their
11      inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.
12                            **JURISDICTION & VENUE**
13  2.  Plaintiff re-alleges and incorporates herein by this reference the allegations in each and
14      every paragraph above, fully set forth herein.
15  3.  This Court has jurisdiction under California Civil Procedure Code  §410.10
16  4.  This venue is proper pursuant to California Civil Procedure Code § 395.5
17

18                          **GENERAL ALLEGATIONS**
19  5.  Plaintiff filed for Chapter 13 bankruptcy protection on December 3, 2013 in order to
20      reorganize and repair Plaintiff's credit.
21  6.  On December 6, 2014 Plaintiff ordered a three bureau report from Experian
22      Information Solutions, Inc. to ensure proper reporting.
23  7.  Plaintiff noticed several tradelines all reporting misleading and or inaccurate balances
24      or past due balances owed on the account and or listed the account as transferred and or
25      charged off rather than included in Bankruptcy.
26  8.  In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian
27      Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

28

9.   Plaintiff is informed and believes that each credit reporting agency sent each
Defendant notification that plaintiff was disputing the accuracy of what it was reporting
to them.

10.  Defendants OneWest Bank; Asset Acceptance, LLC; BMW Bank of North America;
BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; The Toronto-
Dominion Bank and Cavalry Portfolio Services, LLC failed to conduct a reasonable
investigation and reported falsely to Experian Information Solutions, Inc.; Equifax, Inc.
and TransUnion, LLC a *misleading* and or *inaccurate* balances or past due balances
owed on the accounts, monthly payment, and or listed the accounts as open, transferred
and or charged off rather than included in Bankruptcy.

11.  Equifax, Inc. failed to perform its own reasonable investigation and failed to correct
the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff
received a reinvestigation report from Equifax, Inc. that failed to properly address the
inaccuracies.

12.  Experian Information Solutions, Inc. failed to perform its own reasonable investigation
and failed to correct the inaccuracies and failed to note that Plaintiff disputed the
information as Plaintiff received a reinvestigation report from Experian Information
Solutions, Inc. that failed to properly address the inaccuracies.

13.  TransUnion, LLC failed to perform its own reasonable investigation and failed to
correct the inaccuracies and failed to note that Plaintiff disputed the information as
Plaintiff received a reinvestigation report from TransUnion, LLC that failed to properly
address the inaccuracies.

14.  On April 13, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to
ensure proper reporting.

15.  Plaintiff's account was in dispute but the furnisher; Experian Information Solutions,
Inc. ; Equifax, Inc.; and TransUnion, LLC failed to correct the misleading and or
inaccurate statements on the account within the statutory time frame or at all.

16.  The credit bureaus have an obligation to delete the tradeline when a response is not
received by the furnisher within the statutory time frame.

17. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

18. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

19. The actions of the Defendant as alleged herein are acts in violation of the California Business and Professions Code § 17200.

### FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC- Failure to Reinvestigate Disputed Information.**

20. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

21. After plaintiff disputed the accounts mentioned above, defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers which they did not do based on the reinvestigation report Plaintiff received.

22. In its reinvestigation report Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC failed to update the misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred and or charged off rather than included in Bankruptcy.

**OneWest Bank; Asset Acceptance, LLC; BMW Bank of North America; BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; The Toronto-Dominion Bank and Cavalry Portfolio Services, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

23. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

24. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading.

25. Defendants OneWest Bank; Asset Acceptance, LLC; BMW Bank of North America; BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; Toronto-Dominion Bank and Cavalry Portfolio Services, LLC violated section 1681s-2 by reporting misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred and or charged off rather than included in Bankruptcy.

26. Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC provided notice to the defendants that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

27. All Defendants re-reported to the bureaus the misleading and or inaccurate information as seen in Plaintiff's reinvestigation reports.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

OneWest Bank; Asset Acceptance, LLC; BMW Bank of North America; BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; The Toronto-Dominion Bank and Cavalry Portfolio Services, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29. Defendants OneWest Bank; Asset Acceptance, LLC; BMW Bank of North America; BMW Financial Services NA, LLC; Discover Bank; HSBC Holdings plc; Toronto-Dominion Bank and Cavalry Portfolio Services, LLC intentionally and knowingly reported misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred and or charged off rather than included in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC. Plaintiff alleges that Creditors re-reported misleading and or inaccurate balances, past due balances, monthly payment, and or listed the accounts as open, transferred and or charged off rather than included in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

30. Plaintiff also alleges that Creditors had reason to know that the information reported on Plaintiff's accounts were misleading and or inaccurate.

31. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and or inaccurate reporting.

32. Creditors failed to notify Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

33. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

1    34. As a direct and proximate result of Creditor's willful and untrue communications,

2    Plaintiff has suffered actual damages including but not limited to inability to properly

3    reorganize under Chapter 13, reviewing credit reports from all three consumer reporting

4    agencies, time reviewing reports with counsel, sending demand letters, diminished

5    credit score, and such further expenses in an amount to be determined at trial.

6    35. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

7

8    **THIRD CAUSE OF ACTION**<br>(Unfair Business Practices Act<br>California Business and Professions Code § 17200)<br>(Against Defendant Creditors and Does 1-100)

9

10

11    58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

12    every paragraph above, as though fully set forth herein.

13    59. Plaintiff brings this action in individual capacity and on behalf of the general public.

14    60. Creditors at all times relevant to this Complaint were engaged in the business of

15    collections and providing services on credit to qualified applicants.

16    61. Commencing on or about December 3, 2013 and continuing to the present, Creditors

17    committed the acts of unlawful practices as defined by Business and Professions Code

18    § 17200 and described in the above stated Causes of Action.

19    62. These unlawful business practices of the Creditors are likely to continue and therefore

20    will continue to injure Plaintiff and mislead the public by inaccurate record keeping,

21    failure to correct inaccuracies and erroneous dissemination of inaccurate information,

22    and present a continuing threat to the public.

23    63. Creditor's acts and practices described above were unlawful under the California Civil

24    Code § 1785.25(a) and therefore unlawful business practices within the meaning of

25    Business and Professions Code § 17200.

26    65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

27

28    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

    e.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    f.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

    g.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

SAGARIA LAW, P.C.

Dated: May 18, 2015    By:    _____
    Scott Sagaria, Esq.
    Elliot Gale, Esq.
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: May 18, 2015    /s/ Elliot Gale
    Scott Sagaria, Esq.
    Elliot Gale, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiff

Exhibit B

1 | Rachel M. Dollar, SBN 199977
Richard R. Sutherland, SBN 240858
2 | rdollar@smithdollar.com
SMITH DOLLAR PC
3 | Attorneys at Law
404 Mendocino Avenue, Second Floor
4 | Santa Rosa, California 95401
Telephone:  (707) 522-1100
5 | Facsimile:  (707) 522-1101

6 | Attorneys for Defendant ONEWEST BANK N.A erroneously sued as ONEWEST BANK

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

9

10 | DEBRA DUPUIS,

CASE NO.:  115CV280815

11 |        Plaintiff,

**NOTICE TO STATE COURT AND
ADVERSE PARTIES OF REMOVAL TO
FEDERAL COURT**

12 | v.

13 | EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX, INC.; TRANSUNION, LLC;
ONEWEST BANK; ASSET ACCEPTANCE,
14 | LLC; BMW BANK OF NORTH AMERICA;
BMW FINANCIAL SERVICES NA, LLC;
15 | DISCOVER BANK; HSBC HOLDINGS PLC;
THE TORONTO-DOMINION BANK;
16 | CAVALRY PORTFOLIO SERVICES, LLC an
DOES 1 through 100 inclusive,

[*Federal Question Jurisdiction*]

Complaint Filed:  May 18, 2015
Trial Date:        N/A

17

18 |        Defendants.

19

20 |        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK OF

21 | THE ABOVE-ENTITLED COURT:

22 |        PLEASE TAKE NOTICE, that pursuant to 28 U.S.C § 1331, Defendant OneWest Bank

23 | N.A erroneously sued as OneWest Bank ("Defendant") has filed a Notice of Removal with the

24 | United States District Court for the Northern District of California for the purpose of removing this

25 | action to Federal Court.  A true and correct copy of the Notice of Removal (without exhibits) is

26 | attached as Exhibit A.

27 | ///

28 | ///

1    Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until this

2    case is remanded.

3

4    Dated:  July 6, 2015

5

6                                                      SMITH DOLLAR PC

7

8                                                      By
                                                          Rachel M. Dollar
9                                                          Attorney for OneWest Bank N.A erroneously sued
                                                          as OneWest Bank
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**PROOF OF SERVICE**

I am employed in the County of Sonoma, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 404 Mendocino Avenue, Second Floor, Santa Rosa, CA 95401.  On July 7, 2015, I served the **NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** on the parties to this action by serving:

Scott Sagaria                                      Attorney for Plaintiff DEBRA DUPUIS
Elliot Gale                                           Telephone:      (408) 279-2288
Sagaria Law PC                                   Facsimile:       (408) 279-2299
2033 Gateway Pl Fl 5                          Email: sjsagaria@sagarialaw.com
San Jose, CA 95110

[X] **BY FEDERAL EXPRESS/OVERNIGHT MAIL:**  I caused the above-described document(s) to be served by Federal Express or via overnight delivery to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 7, 2015

_____
Stephanie D. Abbott

449670

- 1 -
PROOF OF SERVICE



1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SONOMA

3

     I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action. My business address is 404 Mendocino Avenue, Second Floor, Santa Rosa, CA 95401.

4

5

     On July 7, 2015, I served the foregoing document described as **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441(a) AND 28 U.S.C. §1331** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope to:

6

7

8

Scott Sagaria                      Attorney for Plaintiff DEBRA DUPUIS
Elliot Gale                        Telephone:   (408) 279-2288
Sagaria Law PC                Facsimile:    (408) 279-2299
2033 Gateway Pl Fl 5          Email: sjsagaria@sagarialaw.com
San Jose, CA 95110

9

10

[X] **BY FEDERAL EXPRESS/OVERNIGHT MAIL:** I caused the above-described document(s) to be served by Federal Express or via overnight delivery to the offices of the addressee(s).

11

12

[X] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

Executed on July 7, 2015 at the address above.

14

15

                              /s/ Stephanie D. Abbott

16

                              Stephanie D. Abbott

17

18

19

20

21

22

23

24

25

26

27

28

452471